## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRO-FAB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1147-M |
| | ) |
| MARTON PRECISION MFG., INC., and | ) |
| ROCKY MCDONALD, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court are defendant Marton Precision Manufacturing Inc.'s ("Marton") motion to dismiss [docket no. 15] and defendant Rocky McDonald's motion to dismiss [docket no. 16], both filed on November 16, 2007. On December 29, 2007, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Background

In 2006, plaintiff, a corporation based in Oklahoma, negotiated a contract to manufacture parts for an aerospace company. In order to produce said parts, plaintiff needed to acquire a simultaneous 5-axis high speed gantry capable of operating independently on the X, Y, Z, C and B axis ("Gantry"). Thus, plaintiff publicized they were in need of said Gantry. In August 2006, defendant Marton contacted a third party machine dealer ("Dealer") regarding the need to sell its Gantry and inquired whether Dealer knew of anyone to whom it could offer the Gantry. As it happened, Dealer was aware that plaintiff was looking to purchase this type of machinery; so, Dealer placed a three-way conference call to plaintiff.[1] Plaintiff indicated interest in purchasing the Gantry

---

[1] According to the response, Defendant Rocky McDonald ("McDonald") is a freelance engineering consultant and an agent of defendant Marton. While plaintiff submits no factual allegations concerning defendant McDonald in its Complaint, plaintiff notes in its response that

and advised both Dealer and defendant Marton that plaintiff's representatives would travel to California to test the machine the following day.

The following day, plaintiff's representatives met with defendant Marton in Huntington Beach, California where the Gantry was located. At this meeting, plaintiff's representatives examined, tested and agreed to purchase the machine for $650,000. Upon return to Oklahoma, plaintiff faxed a purchase order to defendant Marton, whereby plaintiff agreed to assume the balance owed on defendant Marton's lease and thereafter pay the additional monies owed. After the finances were worked out, plaintiff made arrangements to have the Gantry delivered to its facility in Oklahoma City, Oklahoma. Upon delivery and set-up of the Gantry, plaintiff was unable to get the Gantry to operate properly; therefore, plaintiff solicited the manufacturer, Kolb, to remedy the problem. Kolb dispatched an engineer from Germany who, upon inspection of the Gantry, informed plaintiff that the Gantry was not a 5-axis high speed bridge gantry, but rather a 4-axis gantry which could not perform the required tasks plaintiff desired to perform.

Plaintiff commenced this cause of action, seeking relief under theories of breach of contract, fraud and detrimental reliance. Defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) on the grounds that this Court lacks personal jurisdiction over either defendant and that this Court is the improper venue for this action.

II.   Standard for Dismissal

The standard governing a motion to dismiss for lack of personal jurisdiction under Federal

---

defendant McDonald, through his principal, defendant Marton, "engaged in a business relationship as a result of [defendant] Marton's telephone call to [plaintiff]". *Plaintiff's Objection to Defendant Rocky McDonald's Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support*, at 10. This telephone call is alleged to have resulted in the sale of the Gantry to plaintiff.

Rule of Civil Procedure 12(b)(2) is well established. The plaintiff bears the burden of proof, *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988), although this burden is not a heavy one at the preliminary stage of litigation. Prior to trial, when the issue of personal jurisdiction is to be decided by way of a motion to dismiss as supported by affidavits and other materials, the plaintiff is only required to establish a prima facie case. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). The allegations of the complaint must be taken as true to the extent which they are uncontroverted by the defendant's affidavits. *Id.* at 744. To the extent conflicting affidavits are presented, all factual disputes are to be resolved in favor of the plaintiff. *Id.*

III.  Discussion

It is well established that, to be subject to personal jurisdiction, a nonresident defendant must have sufficient contacts with the forum state to satisfy the requirements of due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In Oklahoma that test becomes a single inquiry because Oklahoma's long-arm statute reaches to the full extent of due process. *Rambo*, 839 F.2d at 1416.

A.  General Jurisdiction

Jurisdiction over corporations may be specific or general. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). General jurisdiction exists where a plaintiff's cause of action does not arise from or relate to the defendant's activities within the forum state, but the defendant has

maintained "continuous and systematic general business contacts in the state." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

In this case, the Court finds the evidence, construed most liberally in plaintiff's favor, does not establish general jurisdiction. Plaintiff alleges that defendant Marton is a California corporation and conducts business in Oklahoma. However, plaintiff does not dispute that defendant Marton's principal place of business is located in Fullerton, California. Furthermore, the evidence shows that defendant Marton has not previously conducted business in Oklahoma, advertised in Oklahoma or had an office, salespeople or agents in the State of Oklahoma. *See* Defendant Marton Precision Mfg. Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Brief in Support, Declaration of Daniel Marton, Exhibit 1, at 2.

Plaintiff offers no evidence to contradict defendant Marton's assertion. Furthermore, plaintiff offers no evidence to show that defendant Marton has a continuous and systematic presence in Oklahoma or that it did so at the time of plaintiff's injury. Accordingly, construing the Complaint and evidence most liberally in plaintiff's favor, the Court finds defendant Marton has not had the continuous and systematic general business contacts in Oklahoma required to permit this Court to exercise general jurisdiction over defendant Marton.

The Court further finds that plaintiff cannot establish that the Court has general jurisdiction over defendant McDonald. In fact, plaintiff fails to make even one specific allegation regarding defendant McDonald in its Complaint. The only place that defendant McDonald's name appears in the entire Complaint is in the caption. There is not one allegation in the Complaint that identifies who defendant McDonald is, nor is there any allegation concerning defendant McDonald's alleged conduct. In addition, plaintiff fails to make any jurisdictional allegations concerning defendant

McDonald. Accordingly, construing the Complaint and evidence most liberally in plaintiff's favor, the Court finds defendant McDonald has not had the continuous and systematic general business contacts in Oklahoma required to permit this Court to exercise general jurisdiction over defendant McDonald.

      B.      Specific Jurisdiction

The Court's specific jurisdiction inquiry is two-fold. First, specific jurisdiction exists where a defendant does not have continuous contacts with the state, but the plaintiff shows that defendant has purposefully directed its activities at residents of the forum state and plaintiff's alleged injuries "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 473. Second, if the Court finds that such minimum contacts exists, then the Court must next consider whether the exercise of personal jurisdiction over a defendant offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109 (1987). This latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. *See id.* The Court's "reasonableness" determination has been described as follows:

> We think ... that the reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of [minimum contacts].

*OMI Holdings, Inc.*, 149 F.3d at 1092.

Solicitation of business in the forum state is "some evidence suggesting purposeful availment." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 1999) (internal citation omitted). However, solicitation alone is not sufficient because "purposeful

availment" requires a showing that defendants purposefully availed themselves of the privilege of conducting business in the forum, thus "invoking the benefits and protections of its laws." *Fid. & Cas. Co. of N.Y. v. Phila. Resins Corp.*, 766 F.2d 440, 445 (10th Cir. 1985) (internal citation omitted). The "purposeful availment" requirement ensures that a defendant "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.' Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Rambo*, 839 F.2d at 1419 (internal quotation omitted). Purposeful availment generally requires "affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." *Id.* at 1420 (internal quotation omitted). "Generally speaking, specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else." *Bell Helicopter Textron, Inc.*, 385 F.3d 1291, 1296 (10th Cir. 2004) (internal citation omitted).

In this case, plaintiff asserts that the evidence shows defendant Marton purposefully availed itself of the benefits of doing business in Oklahoma in two ways: first, by directing its offer to sell the Gantry to anyone, anywhere and second, by making an offer to sell its Gantry to plaintiff directly via conference call. Specifically, plaintiff contends that defendant Marton's direct telephone contact through the intermediary Dealer via conference call and offering the Gantry for sale is no different than a direct call to plaintiff offering the same.

The record before the Court demonstrates that defendants' contacts with the forum arose solely from a telephone conversation resulting in correspondence and the sale of equipment which was later shipped to Oklahoma. Having reviewed the parties' submissions, and construing the

6

evidence in favor of plaintiff, the Court concludes that plaintiff has failed to make a prima facie showing that defendant Marton has sufficient minimum contacts with Oklahoma to permit this Court to exercise specific jurisdiction over it. The Court finds no evidence to dispute defendant Marton's contention that it has not specifically targeted business opportunities in Oklahoma, advertised in Oklahoma or had an office, salespeople, or agents in the State of Oklahoma. Furthermore, plaintiff's own evidence establishes that the Gantry at issue was sold by defendant Marton through a Dealer who broadly solicited opportunities for the sale of this equipment. Although defendant Marton might have been aware that the Gantry was to be shipped and used in Oklahoma, defendant Marton did not initiate or participate in the decision to locate the Gantry in Oklahoma. Instead, the Gantry was ultimately sold to an end user in Oklahoma. As such, the Court finds that offering the Gantry for sale "to anyone, anywhere" through the Dealer does not accord with Tenth Circuit decisions which suggest that the absence of control by a nonresident defendant negates a finding of purposeful availment. Even if defendant Marton knew that the Gantry was to be used here, this is insufficient to constitute purposeful availment unless the product's use here was the result of defendant Marton's own deliberate actions. In this circuit, specific jurisdiction must be based on the nonresident defendant's actions. *See*, *e.g.*, *Bell Helicopter*, 385 F.3d at 1066 ("[O]nly the defendant's own actions, directed at the forum State, are relevant to the jurisdictional question"). Where a nonresident defendant relinquishes control over the ultimate location of a product and allows a third party to exercise that control, the nonresident defendant cannot be said to have purposefully directed its activities at the forum state in which the product is later found.

Furthermore, the Court finds that plaintiff cannot establish that the Court has specific jurisdiction over defendant McDonald. As set forth above, plaintiff fails to make even one specific

allegation regarding defendant McDonald in its Complaint. The only place that defendant McDonald's name appears in the entire Complaint is in the caption. Furthermore, there is not one allegation in the Complaint that identifies who defendant McDonald is, nor is there any allegation concerning defendant McDonald's alleged conduct. In addition, plaintiff fails to make any jurisdictional allegations concerning defendant McDonald. Accordingly, construing the Complaint and evidence most liberally in plaintiff's favor, defendant McDonald has not purposefully availed himself in Oklahoma and in the conduct required to permit this Court to exercise specific jurisdiction over defendant McDonald.[2]

IV.   Conclusion

For the foregoing reasons, each defendant's motion to dismiss is GRANTED. This action is dismissed without prejudice to its refiling in a proper forum.

**IT IS SO ORDERED this 9th day of July, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] In the case of either defendant, plaintiff's evidence does not show the purposeful availment of the benefits of doing business in Oklahoma. Therefore, the Court need not address whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.